UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AL HOLIFIELD, et al,

        Plaintiffs,

        v.

JON RIVAMONTE, et al,

        Defendants.

Case No. 22-cv-0742-bhl

## ORDER SCREENING AND DISMISSING THE CASE

      On June 27, 2022, pro se Plaintiff Al Holifield filed a complaint against a slew of defendants, alleging violations of his constitutional rights under 42 U.S.C. §1983. (ECF No. 1.)[1] He also moved for leave to proceed without prepayment of the filing fee. (ECF No. 2.) "A court may allow a plaintiff to start a case in federal court without prepaying the full civil case filing fee ($350) if [he] submits an affidavit with a list of all the assets [he] possesses along with a statement that [he] is unable to pay the fees." *Colby v. Lake Hallie Police Dep't*, No. 19-cv-883-pp, 2020 4464602, at *1 (E.D. Wis. Aug. 4, 2020) (citing 28 U.S.C. §1915(a)(1)). In this case, Holifield's affidavit states that he has $1,425 in monthly expenses and no income. (ECF No. 2 at 3-4.) That is sufficient to meet 28 U.S.C. §1915(a)'s indigency requirements, but proof of indigency is not the only hurdle Holifield faces. Before the Court can grant Holifield's motion, it must also screen his complaint to ensure that it states a facially plausible claim for relief. 28 U.S.C. §1915(e)(2)(B). It does not. Holifield commenced this action about five-and-a-half years too late. Accordingly, the complaint must be dismissed.

---

[1] Al Holifield also named Cora Lee Holifield, Edward Holifield, Dale Holifield, and Nathan Holifield as plaintiffs in this action. However, none of the other purported plaintiffs signed the complaint, so they are not properly parties before the Court. *See Ghashiyah v. Frank*, No. 05-C-0766, 2008 WL 60032, at *1 (E.D. Wis. Jan. 3, 2008) ("In a case involving multiple pro se plaintiffs, one pro se plaintiff cannot sign on behalf of other pro se plaintiffs.") (citations omitted).

## FACTUAL BACKGROUND

Holifield alleges that, on August 31, 2010, the Milwaukee Police Department applied for and received a facially invalid warrant to search his home. (ECF No. 1 at 4.) While executing the warrant, police officers confiscated $30,000 and damaged his property. (*Id.* at 6.) This occurred because Holifield refused an offer to become a police informant. (*Id.* at 5.)

## ANALYSIS

### I. Holifield's Claims Are Time Barred.

Because 42 U.S.C. Section 1983 contains no statute of limitations, federal courts borrow one from the law of the forum state. *See Ashafa v. City of Chicago*, 146 F.3d 459, 461-62 (7th Cir. 1998). In Wisconsin, for Section 1983 claims arising before 2018, a plaintiff has six years to file his case. *See D'acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (citing Wis. Stat. §893.53). Here, Holifield's claims relate back to August of 2010—nearly 12 years ago. Thus, unless a tolling provision applies, his complaint is time barred.

As with limitations periods, federal courts must also apply a forum state's applicable tolling rules for purposes of Section 1983. *See Milchtein v. Anderson*, No. 19-CV-1834-JPS, 2020 WL 6287702, at *10 (E.D. Wis. Oct. 27, 2020). Wisconsin's relevant tolling provision provides:

> A law limiting the time for commencement of an action is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies. The law limiting the time for commencement of the action is tolled for the period from the commencement of the action until the final disposition of the action.

Wis. Stat. §893.13(2). "Final disposition" is defined as:

> the end of the period in which an appeal may be taken from a final order or judgment of the trial court, the end of the period within which an order for rehearing can be made in the highest appellate court to which an appeal is taken, or the final order or judgment of the court to which remand from an appellate court is made, whichever is latest.

Wis. Stat. §893.13(1). And:

> If a period of limitation is tolled under [893.13(2)] by the commencement of an action and the time remaining after final disposition in which an action may be commenced is less than 30 days, the period within which the action may be commenced is extended to 30 days from the date of final disposition.

Wis. Stat. §893.13(3). Taken together, this means, at the very least, when a plaintiff commences a Section 1983 case in federal court, Wis. Stat. §893.53's limitation period is tolled for the length of the action plus 30 days.

Holifield first filed a federal case related to his claims on September 27, 2016. (16-cv-1291-pp, ECF No. 1.) Strictly speaking, this was too late; his cause of action accrued on August 31, 2010, 6 years and one month before he commenced his lawsuit. But the Court did not apply a time bar, and, in any event, the timeliness of the first case is irrelevant. It lasted only a few weeks, with Holifield filing for voluntary dismissal on November 3, 2016. (16-cv-1291-pp, ECF No. 21.) Per Wis Stat. §893.13(1), this represented "final disposition." Because he had fewer than 30 days left to reinitiate the case (actually zero), Wis. Stat. Section 893.13(3) kicked in and extended the limitations period to December 3, 2016. Five-and-a-half years later, Holifield filed this case, missing the deadline by 2,032 days. (22-cv-0742-bhl, ECF No. 1.) His Section 1983 claims are therefore time barred, and his case must be dismissed.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on July 13, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge